```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


STEVE AXELROTH,                    )
                                   ) Civil Action
          Plaintiff                ) No. 02-cv-04418
                                   )
     vs.                           )
                                   )
CINDY LONESS CARPENTRY;            )
JOHN LONESS;                       )
CINDY LONESS;                      )
BERN TOWNSHIP; and                 )
MICHAEL A. HOFFERT,                )
POLICE OFFICER, BADGE NO. 005,     )
                                   )
          Defendants               )


                    *   *   *

APPEARANCES:
     GREGG L. ZEFF, ESQUIRE
          On behalf of Plaintiff

     NICHOLAS M. D'ALESSANDRO, JR., ESQUIRE
          On behalf of Defendants,
          Bern Township and Michael A. Hoffert

                    *   *   *
```

RULE 16 STATUS CONFERENCE ORDER

NOW, this 30th day of January, 2003, after status conference conducted by telephone with the undersigned on this date, pursuant to Rule 16 of the Federal Rules of Civil Procedure, and by agreement of counsel,

IT IS ORDERED that plaintiff shall have until February 7, 2003 to enter default judgment on the issue of liability against defendants Cindy Loness Carpentry, John Loness

and Cindy Loness for failure to answer the complaint and amended complaints, or to otherwise appear in the within action.

IT IS FURTHER ORDERED that in the event a default judgment is taken on the issue of liability against the aforesaid defendants, plaintiff's claims against those defendants shall be severed for purposes of trial from plaintiff's claims against the remaining defendants.  In that event, a non-jury trial on the issue of damages only, in the cases against defendants Cindy Loness Carpentry, John Loness and Cindy Loness, shall commence before the undersigned on Wednesday, April 30, 2003 at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits.  This Order shall serve as a formal attachment for trial.

IT IS FURTHER ORDERED that counsel for plaintiff shall communicate a settlement demand to defense counsel on or before February 14, 2003.  Defense counsel shall respond to plaintiff's demand within 45 days of receipt by defendants of all medical records and reports.  Defense counsel shall report to the undersigned concerning the status of settlement within seven days of the communication of a settlement response by defense counsel to plaintiff's counsel.

IT IS FURTHER ORDERED that on or before February 28, 2003 plaintiff shall provide full and complete responses to the interrogatories, including expert interrogatories and motion to produce documents propounded by defendants.

IT IS FURTHER ORDERED that, except as otherwise provided below, all discovery shall be completed by May 30, 2003.

IT IS FURTHER ORDERED that plaintiff shall be precluded from offering the testimony of expert witnesses at trial unless on or before May 30, 2003 plaintiff provides defense counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

IT IS FURTHER ORDERED that defendants shall be precluded from offering the testimony of expert witnesses at trial unless on or before June 30, 2003 defendants provide all counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

IT IS FURTHER ORDERED that all discovery motions, including motions concerning expert witnesses, shall be filed and served prior to the close of discovery.  Any motions filed in violation of this Order may be deemed waived in the absence of good cause shown.

IT IS FURTHER ORDERED that all dispositive motions, including motions for summary judgment, accompanied by a brief, shall be filed and served on or before July 15, 2003.

IT IS FURTHER ORDERED that all motions in limine shall be filed and served on or before September 8, 2003.

IT IS FURTHER ORDERED that all motions (except those relying solely on a Federal Rule of Civil Procedure) shall be accompanied by a brief, not to exceed twenty-five pages without prior leave of court.  There shall be no reply briefs unless requested, or authorized, by the undersigned.  Reply briefs shall not exceed seven pages and must be filed within three business days of the court's request or approval.

IT IS FURTHER ORDERED that any party filing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, in numbered paragraphs, of the material facts about which the moving party contends there is no genuine dispute.  The moving party shall support each such material fact with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  Failure to submit such a statement may constitute grounds for denial of the motion.

IT IS FURTHER ORDERED that any party opposing a motion for summary judgment or partial summary judgment shall file and

serve, in addition to a brief, a separate short concise statement, responding in numbered paragraphs to the moving party's statement of the material facts about which the opposing party contends there is a genuine dispute, with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  All factual assertions set forth in the moving party's statement shall be deemed admitted unless specifically denied by the opposing party in the manner set forth in this paragraph.

<u>IT IS FURTHER ORDERED</u> that a jury trial of all issues not disposed of at the non-jury trial attached above for April 30, 2003, shall commence before the undersigned on Monday, October 20, 2003 at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits, following jury selection at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  This Order shall serve as a formal attachment for trial.

<u>IT IS FURTHER ORDERED</u> that, in the event the within matter has not settled, counsel for all parties and all unrepresented parties shall appear before Magistrate Judge

Arnold C. Rapoport in chambers at a date and time to be set by the Magistrate Judge for a settlement conference.

                              BY THE COURT:


                              _____
                              James Knoll Gardner
                              United States District Judge