78143 DAS.DAS 3/25/2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVE AXELROTH                          :
                                        :
        vs.                             :
                                        :
CINDY LONESS CARPENTRY,                 :        CIVIL ACTION NO. 02-CV-4418
JOHN LONESS, CINDY LONESS,  :
BERN TOWNSHIP, and POLICE               :
OFFICER MICHAEL A. HOFFERT :
BADGE NO. 005                           :


_____        ORDER

        AND NOW, this          day of                , 2003, pending a decision on the Motion

of Defendants Cindy Loness Carpentry, John Loness and Cindy Loness to Vacate Entry of

Default and to Dismiss Complaint, and any responses thereto, it is hereby ORDERED and

DECREED that the non-jury trial on the issue of damages currently scheduled for April 30, 2003

before the undersigned is postponed until further notice by this Court.


                                BY THE COURT


                                _____
                                James Knoll Gardner
                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVE AXELROTH                          :
                                        :
        vs.                             :
                                        :
CINDY LONESS CARPENTRY,                 :        CIVIL ACTION NO. 02-CV-4418
JOHN LONESS, CINDY LONESS,  :
BERN TOWNSHIP, and POLICE               :
OFFICER MICHAEL A. HOFFERT :
BADGE NO. 005                           :


_____ ORDER

        AND NOW, this        day of              , 2003, upon consideration of the Motion

of Defendants Cindy Loness Carpentry, John Loness and Cindy Loness to Vacate Entry of

Default and to Dismiss Complaint, and any responses thereto, it is hereby ORDERED and

DECREED that the Default entered against Defendants Cindy Loness Carpentry, John Loness

and Cindy Loness is VACATED and the Complaint filed against them is DISMISSED.



                        BY THE COURT


                        _____
                        James Knoll Gardner
                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVE AXELROTH                          :
                                        :
        vs.                             :
                                        :
CINDY LONESS CARPENTRY,                 :          CIVIL ACTION NO. 02-CV-4418
JOHN LONESS, CINDY LONESS,  :
BERN TOWNSHIP, and POLICE               :
OFFICER MICHAEL A. HOFFERT :
BADGE NO. 005                           :

MOTION OF DEFENDANTS CINDY LONESS CARPENTRY,
JOHN LONESS  AND CINDY LONESS TO VACATE
ENTRY OF DEFAULT AND TO DISMISS COMPLAINT

        Defendants Cindy Loness Carpentry, John Loness and Cindy Loness, by their attorneys,

respectfully move, pursuant to Rules 55 and 4(m) of the Federal Rules of Civil Procedure, for

entry of an Order vacating the Entry of Default against these defendants and dismissing the

Plaintiff's Complaint against them.  Defendants also move for a stay of the non-jury trial on the

issue of damages currently scheduled for April 30, 2003, pending resolution of this Motion.  The

grounds for this Motion are set forth in the accompanying Memorandum of Law, which is

incorporated herein by reference.

                        Respectfully submitted,

                        ROLAND & SCHLEGEL, P.C.

                        By:_____
                                Edwin L. Stock, Esquire
                                627 North Fourth Street
                                P.O. Box 902
                                Reading, PA  19603
                                (610) 372-5588

                                Counsel for Defendants, Cindy Loness
                                Carpentry, John Loness and Cindy Loness

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVE AXELROTH                          :
                                        :
        vs.                             :
                                        :
CINDY LONESS CARPENTRY,                 :        CIVIL ACTION NO. 02-CV-4418
JOHN LONESS, CINDY LONESS,  :
BERN TOWNSHIP, and POLICE               :
OFFICER MICHAEL A. HOFFERT :
BADGE NO. 005                           :


MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS
CINDY LONESS CARPENTRY, JOHN LONESS AND CINDY LONESS
TO VACATE ENTRY OF DEFAULT AND TO DISMISS COMPLAINT

Defendants Cindy Loness Carpentry, John Loness and Cindy Loness (the "Moving

Defendants") submit this Memorandum of Law in support of their Motion to Vacate Entry of

Default and to Dismiss Complaint, pursuant to Rules 55 and 4(m) of the Federal Rules of Civil

Procedure.

I.      PROCEDURAL BACKGROUND

        A.      Complaint

        The instant case was filed by Plaintiff, Steve Axelroth, against Defendants Cindy Loness

Carpentry, John Loness, Cindy Loness, Bern Township, Police Officer Michael A. Hoffert and

the Bern Township Police Department on July 3, 2002.  The original complaint contained seven

counts, five of which include the Moving Defendants, and seeks judgment against the Moving

1

Defendants "in an amount in excess of One Hundred Thousand Dollars ($100,000) plus interest, costs, attorney's fees and punitive damages."[1]

B.    Attempted Service

Counsel for Plaintiff mailed copies of the Complaint, Summons and Notice of Lawsuit and Request for Waiver of Service of Summons and related documents to Cindy Loness Carpentry, John Loness and Cindy Loness by regular mail on July 16, 2002. The Moving Defendants did not respond to the Request for Waiver of Service of Summons.

On October 16, 2002, counsel for Plaintiff mailed copies of these same documents (including the Request for Waiver of Service of Summons) to Cindy Loness Carpentry and Cindy Loness by both regular mail and certified mail.[2] Neither Cindy Loness Carpentry nor Cindy Loness responded to the Request for Waiver of Service of Summons.

The docket in this case, #12, states: "Summons Returned Executed by Steve Axelroth re: Gregg Zeff, Esq. served Summons and Complaint upon Cindy Loness Carpentry, Cindy Loness by certified mail. Cindy Loness Carpentry served on 10/17/2002, answer due 11/6/2002; Cindy Loness served on 10/17/2002, answer due 11/6/2002. (Entered 2/10/2003)."

On October 25, 2002, Plaintiff filed Plaintiff's Amended Complaint with the Court and served a copy on Cindy and John Loness and Cindy Loness Carpentry by first-class mail. On November 18, 2002, Plaintiff filed Plaintiff's Second Amended Complaint with the Court.

---

[1]Following a Motion to Dismiss filed by other defendants in this case, the Bern Township Police Department was dismissed as a defendant in this case. Thereafter, Plaintiff filed an Amended Complaint and a Second Amended Complaint against the remaining defendants.

[2]Nothing was sent to John Loness at this time.

According to the Certificate of Service attached to this Complaint, Cindy Loness Carpentry and Cindy Loness were served with a copy of Plaintiff's Second Amended Complaint by first-class mail.  However, service was not made by first class mail.  Instead, it appears that Plaintiff's counsel had the envelopes containing the Second Amended Complaint hand delivered to Cindy Loness at her home address.  The Summons was not served with the Second Amended Complaint.

Thus, Plaintiff attempted to serve John Loness only by regular mail with a Request for Waiver of Service.  John Loness did not return the waiver.  Plaintiff attempted to serve Cindy Loness Carpentry and Cindy Loness by regular mail and by certified mail with Requests for Waiver of Service.  These waivers also were not returned.  Plaintiff also apparently attempted service by hand delivery when he had copies of the Second Amended Complaint served on Cindy Loness Carpentry and Cindy Loness by hand delivery.  However, no Summons was included with the hand-delivered Complaint.  As set forth below, proper service was never made on the Moving Defendants.

C.    Entry of Default

On January 2, 2003, the Court entered an Order that a Rule 16 telephone conference call was scheduled for January 29, 2003.  On March 21, 2003 (filing date 3/20/2003), the Court entered an Order dated January 30, 2003, which provided that "Plaintiff shall have until February 7, 2003 to enter default judgment on the issue of liability against Cindy Loness Carpentry, John Loness and Cindy Loness for failure to answer the complaint and amended complaints otherwise appear in the within action."  The Court further ordered that "in the event a default judgment is

6

taken on the issue of liability against the aforesaid defendants, plaintiff's claims against those defendants shall be severed for purposes of trial from plaintiff's claims against the remaining defendants.  In that event, a non-jury trial on the issue of damages only, in the cases against defendants Cindy Loness Carpentry, John Loness and Cindy Loness, shall commence before the undersigned on Wednesday, April 30, 2003 at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits.  This Order shall serve as a formal attachment for trial."   The Moving Defendants did not receive a copy of this Order.

By letter to the Office of the Clerk of the U.S. District Court for the Eastern District of Pennsylvania dated February 5, 2003, Plaintiff filed an "Entry of Default Judgment."  Cindy and John Loness and Cindy Loness Carpentry are copied on this letter.  Attached to the Entry of Default Judgment are the following documents: (1) a Certificate of Service that indicates that Cindy Loness Carpentry, John Loness and Cindy Loness were served with a copy of the Entry of Default Judgment by First Class Mail on February 5, 2003; (2) Proof of Service dated November 20, 2002, which indicates that Cindy Loness was served by Benjamin Kintner.  The Proof of Service does not indicate what was served.  The top of the one-page Proof of Service states "Subpoena in a Civil Case"[3];  (3) a copy of the Second Amended Complaint; (4) copies of certified mail receipts indicating that John Loness signed for two envelopes, one addressed to Cindy Loness and the other to Cindy Loness Carpentry, on October 17, 2002; and (5) copies of the Summons to Cindy Loness and Cindy Loness Carpentry dated July 3, 2002.

---

[3]It is believed that the Proof of Service by hand delivery is for the Second Amended Complaint.

Although the February 5, 2003 letter to the Office of the Clerk copied the Moving Defendants and the Certificate of Service attached to the Entry of Default Judgment indicated that the Moving Defendants were served with the Entry of Default, the Moving Defendants did not receive service of the Entry of Default by first-class mail on or around February 5, 2003. Instead, over a month and one half later, on March 17, 2003, counsel for Plaintiff sent Cindy Loness Carpentry and Cindy Loness copies of the above-listed documents, including the February 5, 2003 letter, by Federal Express.

When the Moving Defendants received these documents on March 18, 2003, they, for the first time, contacted counsel. Before this date, they were unrepresented.

The Entry of Default was not entered on the docket in this case until March 21, 2003, despite the fact that it was filed, according to the docket, on February 10, 2003.

II.    ARGUMENT

The Moving Defendants request that the Entry of Default against them be vacated and the Complaint be dismissed on a number of grounds. First, the Moving Defendants were not properly served with the Complaint in this case and thus are not properly before this Court. Second, Plaintiff failed to follow the procedural requirements set forth in Fed.R.Civ.P. 55(a) and (b) for entry of default and default judgment. Third, Rule 55(c) of the Federal Rules of Civil Procedure permits a court to set aside an entry of default for good cause shown and such cause exists in this case. Fourth, because the Complaint was not properly served on the Moving Defendants, the Complaint against them should be dismissed pursuant to Fed.R.Civ.P. 4(m).

8

The Moving Defendants also request that the non-jury trial currently scheduled for April 30, 2003 be postponed pending a decision by the Court on this Motion.

A.      Proper Service Of The Complaint Was Not Made On Moving Defendants

In this case, as set forth above, Plaintiff attempted to serve the Moving Defendants by mail and certified mail pursuant to Fed.R.Civ.P. 4(d), which allows for providing a defendant with notice and a waiver of service request.  However, if the defendants fail to comply and waive service, the Plaintiff must seek other means to effectuate service on the defendant. See Leggett v. Amtrak, 1990 WL 182148 (E.D. Pa. 1990) (the Third Circuit has held that service of process by mail is effective under Rule 4(c)(2)(C)(ii) only if the defendant returns the acknowledgment form, even if it can be shown that the defendant actually received the summons and complaint. Where receipt of the summons and complaint has not been verified by return of the acknowledgment form, personal service is required).

Rule 4(e) of the Federal Rules of Civil Procedure provides that

 . . . service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in any judicial district of the United States:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

9

In this case, Plaintiff did not obtain a waiver of service from any of the Moving Defendants. Thus, Plaintiff was required, under the Rules, to employ one of the methods set forth in Fed.R.Civ.P. 4(e) to effect service on the Moving Defendants. Plaintiff did not effect service by any of the methods set forth in Rule 4(e)(2). Plaintiff also did not effect service pursuant to Pennsylvania law as he is permitted to do by Rule 4(e)(1). The Pennsylvania Rules of Civil Procedure provide for original process to be served (1) by handing a copy to the defendant; or (2) by handing a copy (i) at the residence of the defendant to an adult . . . (ii) at the residence of the defendant to the clerk or manager . . . or (iii) at the office or usual place of business of the defendant to his agent . . . See Pa.R.Civ.P. 402(a). Rule 402(b) of the Pennsylvania Rules also provides for use of an Acceptance of Service form. Plaintiff did not accomplish service under any of these methods and thus also failed to effect service under Pennsylvania law.

According to the docket in this case, Plaintiff returned the Summons in this case and indicated that the Summons and the Complaint were served by certified mail (Docket Entry #12). However, none of the service provisions under Federal or Pennsylvania law permit service of original process by certified mail. "Sending a summons and complaint by certified mail does not constitute proper service of process under either the Federal Rules or the Pennsylvania Rules of Civil Procedure." Ciccone v. Villanova University, 1996 WL 377133 (E.D. Pa. 1996).

Pennsylvania Rule of Civil Procedure 403 provides for service by mail, however this rule only applies if a rule of civil procedure authorizes original process to be served by mail. An Explanatory Comment preceding Rule 400 of the Pennsylvania Rules indicates that rules giving this authorization are Rule 404(3) governing service outside the Commonwealth and Rule 412

10

governing actions for custody, partial custody and visitation of minor children and actions for divorce or annulment of marriage. Thus, Rule 403 is inapplicable in this case.

Plaintiff eventually served the Second Amended Complaint by hand delivery. However, the Summons was not attached to this hand-delivered Complaint. Rule 4(c) of the Federal Rules of Civil Procedure provides that "A summons shall be served together with a copy of the complaint." This rule is mandatory. Thus, proper service was not made on the Moving Defendants by hand delivery at this time.

Courts in the Eastern District have held that "failure to comply with the service requirements of the Federal Rules of Civil Procedure is good cause for striking an entry of default." Legrand v. McCrea, 1992 WL 328890 (E.D. Pa. 1992), aff'd., 998 F.2d 1003 (3rd Cir. 1993) (citations omitted). The court explained that "the Third Circuit has strictly interpreted the service requirements set forth under Rule 4. Although the Federal defendants had actual notice of the action, actual notice does not substitute for literal compliance with the Federal Rules of Civil Procedure." In Legrand, the court determined that the plaintiff did not serve the Federal defendants in accordance with Rule 4 and granted the Federal defendant's motion to vacate the default. See also Gold Kist, Inc. v. Laurinburg Oil Company, Inc., 756 F.2d 14 (3rd Cir. 1985) (a default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside).

For all of these reasons, Plaintiff failed to properly serve the Moving Defendants in this case and they are therefore not properly before this Court. Without personal jurisdiction over these parties, the Court cannot enter a default against them. Thus the entry of default must be vacated.

B.    Plaintiff Failed To Follow The Procedural Requirements Set
      Forth In Fed.R.Civ.P. 55 For Entry Of A Default Judgment

This Motion should also be granted because Plaintiff failed to follow the procedure set

forth in Rule 55 of the Federal Rules of Civil Procedure for entry of a default judgment.  Rule

55(a) provides that "when a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend as provided by these rules and that fact is made to appear by

affidavit or otherwise, the clerk shall enter the party's default."  Rule 55(b) provides for two

ways judgment by default may be entered: by the Clerk and by the Court:

> **(1) By the Clerk.**  When the plaintiff's claim against a defendant is for a
> sum certain or for a sum which can by computation be made certain, the clerk
> upon request of the plaintiff and upon affidavit of the amount due shall enter
> judgment for that amount and costs against the defendant, if the defendant has
> been defaulted for failure to appear and is not an infant or incompetent person.

> **(2) By the Court.**  In all other cases the party entitled to a judgment by
> default shall apply to the court therefor . . .

In this case, On February 5, 2003, Plaintiff filed a document entitled "Entry of Default

Judgment" with the Clerk of Courts and requested the Clerk to enter a default judgment against

the Moving Defendants in this case.

Plaintiff failed to follow the Rule 55 procedure in a number of ways.  First, Plaintiff

sought entry of judgment by the clerk, despite the fact that Plaintiff's claim against the Moving

Defendants was not for a sum certain or for a sum which can by computation be made certain.

No affidavit was attached to the request indicating the amount due.  Further, no affidavit was

attached indicating that the Moving Defendants failed to plead or otherwise defend.  <u>See</u> Rule

55(a).   Under Rule 55 (b), Plaintiff in this case should have applied to the Court for a default

judgment.

In addition to failing to conform to the procedural rules set forth in Rule 55, Plaintiff

misled the Court as to service of original process on the Moving Defendants.  As set forth above,

the Moving Defendants were never properly served in this case.  However, Plaintiff attached to

the Entry of Judgment copies of a Proof of Personal Service and the Second Amended Complaint

and copies of certified mail receipts and the Summons in this case.

The only item that was personally served on the Moving Defendants in this case was the

Second Amended Complaint.  The Summons in this case was not attached to this Complaint.

The initial Complaint and Summons were sent to the Moving Defendants by certified mail,

however, this does not constitute service of original process under the rules.  It appears, based on

the attachments to the Entry of Default Judgment, that Plaintiff's counsel is attempting to

patchwork together adequate service when there is none.

Plaintiff also failed, despite its representation to the Court, to serve the Moving

Defendants with the Entry of Default Judgment in a timely manner.  As set forth above, Plaintiff

indicated on his certificate of service that the Moving Defendants were served with a copy of the

Entry of Default Judgment by first-class mail on February 5, 2003.  Further, the Moving

Defendants were copied on a letter to the Office of Clerk dated February 5, 2003, in which

Plaintiff's counsel requested that the Entry of Default Judgment be filed.  However, Moving

Defendants did not receive copies of the Entry of Default Judgment against them at any time on

or around February 5, 2003.  Strangely, on March 17, 2003, counsel for Plaintiff sent the Entry of

Judgment and attachments to the Moving Defendants (one to Cindy Loness and one to Cindy

Loness Carpentry) by Federal Express.  Clearly, the Moving Defendants are prejudiced by the fact that they were not notified that a default was entered against them in early February 2003 until March 18, 2003.  Further, the Moving Defendants were not provided with any notification by the Court that default was entered.[4]  Moving Defendants also were not provided with notice, by Plaintiff's counsel or the Court, that an Order was entered scheduling a non-jury trial on the issue of damages for April 30, 2003, in the event a default judgment is taken against the Moving Defendants.  The late service of the Entry of Default has prejudiced the Moving Defendants because it has decreased, substantially, the time Moving Defendants have to deal with this situation prior to the scheduled non-jury trial.  As set forth below, the Moving Defendants seek to have this non-jury trial on Damages postponed pending a decision on this Motion.

For these reasons, the default judgment entered against the Moving Defendants must be vacated.

C.     The Moving Defendants Can Show Good Cause Pursuant to
Fed.R.Civ.P 55(c) Why This Court Should Set Aside The Entry Of Default

Rule 55(c) of the Federal Rules of Civil Procedure contains a provision for setting aside a default: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

In this case, a judgment by default has not yet been entered.  Thus, Rule 55(c) applies.  To determine whether to set aside an entry of default, the Court must consider and make specific findings as to four factors: (1) whether the defendant has a meritorious defense; (2) whether the

_____

[4]Although the Plaintiff requested that the Clerk enter a Default Judgment in this case, the docket reflects that the Clerk entered only a default.

plaintiff would be prejudiced by vacating the default; (3) whether the default resulted from the

defendant's culpable conduct; and (4) whether alternative sanctions would be effective.

Tecmarine Lines, Inc. v. CSX Intermodal, Inc., 2001 WL 950155 (E.D. Pa. 2001).

Courts in this district have repeatedly made it clear that default is not favored and that all

doubt should be resolved in favor of setting aside default and reaching a decision on the merits.

The court in Tecmarine explained that "less substantial grounds are adequate for setting aside a

default than would be required for opening a judgment." Id. See also CGB Occupational

Therapy, Inc. v. RHA/Pennsylvania Nursing Homes, Inc., 2001 WL 253745 (E.D. Pa. 2001)

(generally, the entry of a default judgment is disfavored and the rules governing default

judgments should be applied liberally because a default judgment prevents a plaintiff's claims

from being decided on the merits. The Court is required to exercise sound judicial discretion in

deciding whether to enter default judgment. This element of discretion makes it clear that the

party making the request is not entitled to a default judgment as of right, even when the

defendant is technically in default.).

A review of the four factors that courts examine in order to determine if a default should

be set aside mandates that the default entered against the Moving Defendants in this case must be

vacated.  First, the Moving Defendants have a meritorious defense in this case.  Showing a

meritorious defense requires the defendant to submit allegations that would provide a complete

defense to the plaintiff's underlying claim if proved at trial.  The defendant need not establish the

merit of its defense.  Instead, the defendant must only offer a defense which, if successful at trial,

would completely bar the action.  Tecmarine Lines, Inc. v. CSX Intermodal, Inc., 2001 WL

950155 (E.D. Pa. 2001).

In this case, Plaintiff alleges that the Moving Defendants filed false criminal charges against him, which resulted in his arrest and incarceration. The criminal charges were based on work that John Loness performed for Plaintiff for which Plaintiff did not make payment. Plaintiff alleges that he paid Mr. Loness by check, but that Mr. Loness refused to cash the check. As set forth in the Proposed Answer of the Moving Defendants to Plaintiff's Second Amended Complaint, Plaintiff gave Mr. Loness a check, but told him not to cash it immediately. Plaintiff never told Mr. Loness that he could cash the check. When Mr. Loness eventually attempted to cash the check, he was told that he could not do because Plaintiff's account with the bank was closed. See Proposed Answer to Second Amended Complaint, a true and correct copy of which is attached hereto as Exhibit A. Thus, based on these defenses, Plaintiff's claim against the Moving Defendants for false imprisonment is without merit.

The Proposed Answer also makes it clear that the Moving Defendants have meritorious defenses to Plaintiff's other claims against them. The claim for assault and battery must fail because the Moving Defendants did not have any physical contact with Plaintiff. The claims for malicious prosecution and negligence also must fail for the reasons set forth above. Thus, the Moving Defendants have a meritorious defense to each of Plaintiff's claims against them.

The second factor is prejudice to the plaintiff. Prejudice to the plaintiff occurs when relief would hinder the plaintiff's ability to pursue his claims through loss of evidence, increased potential for fraud, or substantial reliance on the default. Delay in realizing satisfaction on a claim rarely constitutes prejudice sufficient to prevent relief. Nor does the fact that the plaintiff will be required to further litigate the action on the merits constitute prejudice. Tecmarine Lines, Inc. v. CSX Intermodal, Inc., 2001 WL 950155 (E.D. Pa. 2001). In this case, there is no

16

prejudice to Plaintiff in vacating the entry of default and requiring Plaintiff to prove his case against the Moving Defendants on the merits. Plaintiff's case against the other defendants in this case is proceeding and Plaintiff loses nothing by the default against the Moving Defendants being set aside.

The third factor the Court must consider in setting aside default is the defendant's culpability, that is whether the defendant showed excusable neglect. "A defendant exhibits culpable conduct if he fails to respond to the complaint willfully, in bad faith, or as part of trial strategy. Tecmarine Lines, Inc. v. CSX Intermodal, Inc., 2001 WL 950155 (E.D. Pa. 2001). In this case, the Moving Defendants were never properly served with the Complaint and Summons. Based on what they received in the mail, they did not understand that they were parties to a lawsuit and that a money judgment could be entered against them. When the Moving Defendants received copies of the Entry of Judgment by Federal Express on March 18, 2003, they immediately contacted an attorney. They were unrepresented prior to that time. While the Moving Defendants may have been careless, they did not act in bad faith and their actions certainly were not part of a trial strategy. Based on their past difficulties with the Plaintiff, they hoped that whatever was being sent to them in connection with him would simply go away and that they would not have to deal with it. See CGB Occupational Therapy, Inc. v. RHA/Pennsylvania Nursing Homes, Inc., 2001 WL 253745 (E.D. Pa. 2001) (plaintiff's request for default judgment denied where, inter alia, the default is largely technical and the default does not appear to have been caused by any intentional bad faith, but rather poor judgment and negligence).

17

The fourth factor is whether alternative sanctions would be effective.  "It is well established that district courts have discretionary authority to determine the appropriate sanction for a particular case and to impose severe sanctions in cases it seems appropriate. . . . However, a default and subsequent default judgment should be a sanction of last, not first, resort, and courts should try to find some alternative."  <u>Tecmarine Lines, Inc. v. CSX Intermodal, Inc.</u>, 2001 WL 950155 (E.D. Pa. 2001).  The court in <u>Tecmarine</u> explained that "courts generally refrain from imposing alternative sanctions when there is no evidence of bad faith or willfulness, or when default was entered due to a procedural error rather than a penalty."  In this case, the entry of default should be vacated for all of the reasons set forth in sections A and B above and because the Moving Defendants have a meritorious defense in this case.  Based on these considerations and the fact that the Moving Defendants did not act willfully or in bad faith, no alternative sanction should be imposed on the Moving Defendants.

For all of these reasons, the default entered against the Moving Defendants should be set aside pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

D.    The Plaintiff's Complaint Against The Moving Defendants Should Be
Dismissed Pursuant To Fed.R.Civ.P. 4(m) Due To Plaintiff's Failure
To Effect Proper Service On the Moving Defendants Within 120 Days.

As set forth above, Plaintiff filed his Complaint in this case on July 3, 2002.  Plaintiff attempted, on two occasions, to effectuate service of his Complaint on the Moving Defendants by mail and certified mail (July 16, 2002 and October 16, 2002).  However, the Moving Defendants never signed and returned the Waiver of Service form that Plaintiff enclosed.  Thereafter, Plaintiff failed to effectuate service in any other way permitted by the Federal Rules of Civil

Procedure.  Thus, to date, the Complaint in this case has not been properly served on the Moving Defendants.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> **(m) Time Limit for Service.**  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . .

In this case, over 270 days have passed since the Complaint was filed in this case.  Obviously, Plaintiff wants this Court to believe that proper service was made on the Moving Defendants. Plaintiff returned the Summons to the Court indicating that service was made by certified mail. Plaintiff also attached a Proof of Service and copies of certified mail receipts to his Entry of Default Judgment in an attempt to "prove" proper service and obtain a default judgment. However, proper service was not made in this case within 120 days of the filing of the Complaint and Plaintiff's Complaint should be dismissed as to the Moving Defendants.


E.    The Non-Jury Trial On Damages Currently Scheduled For April 30, 2003 Should Be Postponed Pending A Decision By This Court On This Motion

As set forth above, a non-jury trial on damages is scheduled in this case for April 30, 2003.  The Moving Defendants did not become aware of this fact until they retained the undersigned counsel at the end of March, 2003.  The Moving Defendants were never served with a copy of the January 30, 2003 Order that scheduled this trial.  Further, the Moving Defendants were not served with a copy of the Entry of Default that Plaintiff's counsel filed with the Court on February 5, 2003 at any time on or around February 5, 2003, despite the fact that the

Certificate of Service filed with the Court indicated that they were served, by first-class mail, on February 5, 2003. Instead, the Moving Defendants received no notice, from any source, that a default was entered against them until March 18, 2003, when they received copies of the Entry of Default from Plaintiff's counsel by Federal Express.

If the Moving Defendants had received notice in early February, they would have sought counsel and the instant Motion would have been filed over a month ago. However, Plaintiff did not provide such notice in a timely manner. Thus, the instant Motion is being filed in April, less than a month before the scheduled non-jury trial.

Because of the service irregularities in this case and because it would be a waste of judicial resources to hold a trial on damages for a case that, depending on the decision of this Court, may continue on its merits or be dismissed for lack of proper service, the scheduled trial should be continued. Holding the trial on damages and entering judgment for an amount certain would also complicate this case further due to the existence of this Motion.

For these reasons, the non-jury trial of this case, currently scheduled for April 30, 2003, should be postponed pending a decision on the Moving Defendants' Motion to Vacate Entry of Default and to Dismiss Complaint.


III.    <u>CONCLUSION</u>

For all of the above reasons, the Motion of Moving Defendants to Vacate the Entry of Default and to Dismiss the Complaint should be granted. In the event this Motion is not decided prior to the non-jury trial on damages, currently scheduled for April 20, 2003, the trial should be postponed, pending a decision by the Court on this Motion.

Respectfully submitted,

ROLAND & SCHLEGEL, P.C.


By:_____
        Edwin L. Stock, Esquire
        627 North Fourth Street
        P.O. Box 902
        Reading, PA  19603
        (610) 372-5588

Counsel for Defendants, Cindy Loness
Carpentry, John Loness and Cindy Loness

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVE AXELROTH    :
           :
  vs.       :
           :
CINDY LONESS CARPENTRY, :  CIVIL ACTION NO. 02-CV-4418
JOHN LONESS, CINDY LONESS, :
BERN TOWNSHIP, and POLICE  :
OFFICER MICHAEL A. HOFFERT :
BADGE NO. 005     :

<u>CERTIFICATE OF SERVICE</u>

   I, EDWIN L. STOCK, ESQUIRE, certify that on the   day of April, 2003, I served a

true and correct copy of the within Motion to Vacate Entry of Default and to Dismiss Complaint

addressed as follows:

    Gregg L. Zeff, Esquire
    Frost & Zeff
    Pier Five at Penn's Landing
    7 North Columbus Boulevard
    Philadelphia, PA 19106-1492

    Andrew Bellwoar, Esquire
    Siana, Bellwoar & McAndrew, LLP
    941 Pottstown Pike
    P.O. Box 630
    Exton, PA 19341

by depositing copies thereof in the United States Mail, first class, postage prepaid.

          _____
          Edwin L. Stock, Esquire