78267. DAS.DAS 3/27/03

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVE AXELROTH | : | |
| | : | |
| vs. | : | |
| | : | |
| CINDY LONESS CARPENTRY, | : | CIVIL ACTION NO. 02-CV-4418 |
| JOHN LONESS, CINDY LONESS, | : | |
| BERN TOWNSHIP, and POLICE | : | |
| OFFICER MICHAEL A. HOFFERT | : | |
| BADGE NO. 005 | : | |

ANSWER OF DEFENDANTS CINDY LONESS
CARPENTRY, JOHN LONESS AND CINDY LONESS
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Cindy Loness Carpentry, John Loness and Cindy Loness (the "Answering Defendants"), by their attorney, file this Answer to Plaintiff's Second Amended Complaint.

1.  The statements in paragraph 1 are conclusions of law to which no response is required. To the extent a response is required, the Answering Defendants deny that they intentionally violated the rights secured to plaintiff by the laws of the United States of America and the Statutory and Common Law of the Commonwealth of Pennsylvania.

2.  The averments in paragraph 2 are conclusions of law to which no response is required.

3.  The averments in paragraph 3 are conclusions of law to which no response is required. By way of further answer, it is admitted that the Answering Defendants reside in Reading, Pennsylvania, which is located in the Eastern District of Pennsylvania.

4. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4.

5. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5.

6. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6.

7. Denied as stated. Cindy Loness Carpentry is the name of a business owned by Cindy Loness. The business is not incorporated or otherwise registered with the Commonwealth of Pennsylvania. It is expressly denied that it is owned by John Loness.

8. Admitted in part, denied in part. It is admitted that Defendant, Cindy Loness, is an individual residing at the above address. It is admitted that she is the owner of Cindy Loness Carpentry. The averment in paragraph 8 that Ms. Loness is being sued individually and as an agent and/or employee of Loness Carpentry is a conclusion of law to which no response is required.

9. Admitted in part, denied in part. It is admitted that Defendant, John Loness, is an individual residing at the above address. It is denied that he is the owner of Loness Carpentry. By way of further answer, John Loness is an employee of Loness Carpentry. The averment in paragraph 9 that Mr. Loness is being sued individually and as an agent and/or employee of Loness Carpentry is a conclusion of law to which no response is required.

10. Denied. By way of further answer, Plaintiff initially contacted John Loness regarding the work at issue in Plaintiff's Complaint. He did not contact Loness Carpentry. John

Loness did all of the work. Cindy Loness did not do any work for Plaintiff. Plaintiff was billed for the work John Loness performed by Cindy Loness Carpentry.

11. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11.

12. Denied as stated. It is denied that Plaintiff hired Loness Carpentry directly to do trim work on houses being built. By way of further answer, see response in paragraph 10 above.

13. Denied as stated. It is denied that John Loness did only four to five days of trim work. Instead, Plaintiff continually asked Mr. Loness to do additional work, but did not pay him.

14. Denied.

15. Denied. By way of further answer, to the best of the Answering Defendants' recollection, Plaintiff paid Mr. Loness $450 for work that Mr. Loness did for Plaintiff on another house.

16. Denied. By way of further answer, Kevin McDevitt, who worked for Loness Carpentry, also occasionally worked by himself and may have done some work for Plaintiff. However, this work was not done for Loness Carpentry.

17. Admitted in part, denied in part. It is admitted that Plaintiff provided Mr. Loness with a check dated August 19, 1998 for $2,000. By way of further answer, Plaintiff told John Loness not to cash the check when it was given to him. Plaintiff never advised John Loness that he could cash the check. When John Loness later attempted to cash the check, he was told that the Plaintiff's account was closed.

18. Denied.

19. Denied. By way of further answer, when Mr. Loness attempted to cash the check, he was unable to do so because the account on which the check was written had been closed.

20. Denied. By way of further answer, the only reason that John Loness did not cash the check was because he was unable to because Plaintiff's account was closed.

21. Denied as stated. It is admitted that the Answering Defendants sought to have a criminal complaint filed against Plaintiff. However, the Answering Defendants did not file the Complaint; instead, it was filed by the Commonwealth of Pennsylvania. By way of further answer, the Criminal Complaint is a written document that speaks for itself. By way of further explanation, the Criminal Complaint in this matter against Mr. Axelroth was dismissed after Mr. Axelroth made payment to the Answering Defendants. Mr. Axelroth made payment to Cindy Loness Carpentry in the amount of $2,5000 by Personal Money Order dated September 11, 2000. The hearing before District Justice Gauby was scheduled for September 12, 2000. The matter was dismissed on September 12, 2000.

22. Denied as stated. It is admitted that the Answering Defendants sought to have a criminal complaint against Plaintiff filed. By way of further answer, the Criminal Complaint is a written document that speaks for itself. The Criminal Complaint in this matter against Mr. Axelroth was dismissed after Mr. Axelroth made payment to the Answering Defendants.

23. Admitted, on information and belief.

24. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24.

25. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25.

26. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26.

27. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 27.

28. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28.

29. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29.

30. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30.

31. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 31. By way of further answer, it is specifically denied that Plaintiff was wrongfully arrested and incarcerated and strict proof is demanded at the time of trial.

### COUNT I
### PLAINTIFF v. DEFENDANT OFFICER HOFFERT
### VIOLATION OF CIVIL RIGHTS (EXCESSIVE USE OF FORCE)

32. The averments of paragraphs 1 through 31 of this Answer are incorporated herein as if more fully set forth.

33. The averments of paragraph 33 are directed to a Defendant other than the Answering Defendants; therefore, no response is necessary. To the extent a response is necessary, said averments are denied.

34. The averments of paragraph 34 are directed to a Defendant other than the Answering Defendants; therefore, no response is necessary. To the extent a response is necessary, said averments are denied.

35. The averments of paragraph 35 are directed to a Defendant other than the Answering Defendants; therefore, no response is necessary. To the extent a response is necessary, said averments are denied.

36. The averments of paragraph 36 are directed to a Defendant other than the Answering Defendants; therefore, no response is necessary. To the extent a response is necessary, said averments are denied.

## COUNT II
## PLAINTIFF v. INDIVIDUAL DEFENDANTS ONLY
## FALSE IMPRISONMENT

37. The averments of paragraphs 1 through 36 of this Answer are incorporated herein as if more fully set forth.

38. Denied. By way of further answer, there are no allegations in the Complaint against John or Cindy Loness that support a claim against them for false imprisonment.

WHEREFORE, the Answering Defendants request that judgment be entered in their favor.

## COUNT III

### PLAINTIFF v. INDIVIDUAL DEFENDANTS ONLY
### ASSAULT AND BATTERY

39. The averments of paragraphs 1 through 38 of this Answer are incorporated herein as if more fully set forth.

40. Denied. By way of further answer, there are no allegations in the Complaint against the Answering Defendants that support a claim against them for assault and battery. There are no allegations that the Answering Defendants had any physical contact with Plaintiff.

WHEREFORE, the Answering Defendants request that judgment be entered in their favor.

### COUNT IV
### PLAINTIFF v. DEFENDANTS, JOHN LONESS,
### CINDY LONESS AND CINDY LONESS CARPENTRY
### MALICIOUS PROSECUTION

41. The averments of paragraphs 1 through 40 of this Answer are incorporated herein as if more fully set forth.

42. Denied. By way of further answer, the Answering Defendants knew that Plaintiff had provided them with a check. However, Plaintiff told John Loness not to cash the check. John Loness was never told that he could cash the check. When John Loness attempted to cash the check, he was told by the bank that Plaintiff's account was closed.

43. Denied. By way of further answer, the Answering Defendants filed criminal charges against Plaintiff because he had given them a check which he new not to be a good check.

44. Denied.

45. Denied.

WHEREFORE, the Answering Defendants request that judgment be entered in their favor.

## COUNT V
## PLAINTIFF v. JOHN LONESS, CINDY LONESS
## AND CINDY LONESS CARPENTRY
## NEGLIGENCE

46. The averments of paragraphs 1 through 45 of this Answer are incorporated herein as if more fully set forth.

47. Denied. By way of further answer, the Answering Defendants knew what money was owed to them by Plaintiff and knew that Plaintiff failed and refused on numerous occasions to pay them and that they were told not to cash the check that he provided to them. Further, when John Loness eventually attempted to cash the check, he was told that Plaintiff's account was closed.

48. Denied. By way of further answer, the Answering Defendants repeatedly requested payment for their work from Plaintiff prior to instituting criminal proceedings.

49. Denied as stated. It is denied that the criminal charges brought by the Answering Defendants against Plaintiff were not honest and truthful.

50. Denied.

WHEREFORE, the Answering Defendants request that judgment be entered in their favor.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

At all relevant times during this action, the Answering Defendants reasonably believed their acts were lawful and reasonable.

### THIRD AFFIRMATIVE DEFENSE

The Answering Defendants did not have any physical contact with the Plaintiff that would support a claim for assault and battery.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages as alleged, then such damages were caused by Plaintiffs own willful and malicious conduct and/or negligent, reckless, intentional and/or criminal conduct.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily and knowingly assumed the risk of injury through his activities; therefore this action is barred.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. §1702.

### SEVENTH AFFIRMATIVE DEFENSE

No act, action or omission of Answering Defendant was the proximate cause or legal cause of any damage allegedly sustained by the Plaintiff and this constitutes a complete defense to the within cause of action.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injuries and/or damages, Plaintiff failed to properly mitigate his alleged damages.

### NINTH AFFIRMATIVE DEFENSE

The Complaint contains allegations that are baseless, warranting the imposition of sanctions, attorney fees and costs under the Federal Rules of Civil Procedure Rule 11 and/or 42 U.S.C. § 1988.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

Respectfully submitted,

ROLAND & SCHLEGEL, P.C.

By: _____
      Edwin L. Stock, Esquire
      I.D. # 43787
      627 North Fourth Street
      P.O. Box 902
      Reading, PA 19603-0902
      (610) 372-5588

# EXHIBIT A

# Proposed Answer of Moving Defendants